# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEANDRE SHEPARD, | 1:10-cv-00201-OWW-DLB (HC) |
| Petitioner, | FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS |
| v. | |
| F. GONZALEZ, | [Doc. 14] |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## RELEVANT HISTORY

On February 26, 2006, Petitioner was found guilty of possession of a weapon in violation of California Code of Regulations, title 15, section 3006, subdivision (a).  Petitioner filed the instant petition for writ of habeas corpus on January 26, 2010.  (Court Doc. 1.)

Petitioner filed an inmate appeal challenging the disciplinary action which was denied at the third and final level of review.  (Exhibit 1, to Motion.)

On January 15, 2007, Petitioner filed a habeas corpus petition in the California superior court.[1]  (Exhibit 2, to Motion.)  The petition was denied on April 5, 2007.  (Exhibit 3, to Motion.)

---

[1] All filing dates set forth herein reflect application of the mailbox rule.  See Rule 3(d) of the Federal Rules Governing Section 2254 Cases; See Houston v. Lack, 487 U.S. 266 (1988) (deeming a prose prisoner's notice of appeal filed at the moment it was delivered to prison authorities for forwarding to the clerk of court).  The Ninth Circuit Court of Appeals held in Saffold v. Newland, 250 F.3d 1282, 1288-89 (9th Cir. 2000 amended May 23, 2001) that the "mailbox" rule as provided for in Houston also applies to state and federal petitions with respect to

1

On March 31, 2008, Petitioner filed a habeas corpus petition in the California Court of Appeal, Third Appellate District. (Exhibit 4, to Motion.) The petition was denied April 10, 2008. (Exhibit 5, to Motion.)

On December 28, 2008, Petitioner filed a habeas corpus petition in the California Supreme Court. (Exhibit 6, to Motion.) The petition was denied on February 11, 2009. (Exhibit 7, to Motion.)

Petitioner filed the instant federal petition for writ of habeas corpus on November 14, 2009. (Court Doc. 1.) Respondent filed the instant motion to dismiss April 13, 2010. (Court Doc. 14.) Petitioner did not file an opposition.

## DISCUSSION

A.  Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C. 2244(d)(1)'s one-year limitations period. Therefore, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

---

calculating the statute of limitations under the AEDPA.

2

B.      Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997). The instant petition was filed on November 20, 2009, and thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, Section 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In most cases, the limitations period begins running on the date that the petitioner's direct review became final. In a situation such as this where the petitioner is challenging an administrative decision, the Ninth Circuit has held that direct review is concluded and the statute of limitations commences when the final administrative appeal is denied. 28 U.S.C. §

3

1  2244(d)(1)(D); Shelby v. Bartlett, 391 F.3d 1061, 1066 (9th Cir. 2004); Redd v. McGrath, 343
2  F.3d 1077, 1079 (9th Cir.2003).
3        The statute of limitations commenced on October 22, 2006-the day after the final
4  administrative decision was issued, and was set to expire one-year later on October 22, 2007. At
5  the time Petitioner filed his first state habeas corpus petition January 15, 2007, eighty-five days
6  of the limitations period had expired. Petitioner is entitled to statutory tolling to April 5, 2007,
7  the date the petition was denied. Thereafter, Petitioner delayed 360 days before filing a habeas
8  petition in the California Court of Appeal, Third Appellate District on March 31, 2008. This
9  lengthy unexplained and unreasonable delay from the date the superior court denied the petition
10 to filing at the appellate court is not subject to statutory tolling. See Evans v. Chavis, 546 U.S.
11 189, 201 (2006); Carey v. Saffold, 536 U.S. 214, 222-226 (2002). Therefore, at the time
12 Petitioner filed his petition in the state appellate court, the limitations period had already expired
13 80 days before. As a consequence, there is no tolling for the petitions filed in the Court of
14 Appeal and California Supreme Court as the limitations period expired prior to filing. See
15 Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) (the limitations period cannot be re-
16 initiated when it expired prior to filing of the state petition).

17                          RECOMMENDATION
18     Based on the foregoing, it is HEREBY RECOMMENDED that:
19     1.  Respondent's motion to dismiss the instant petition be GRANTED; and
20     2.  The instant petition for writ of habeas corpus be DISMISSED with prejudice.
21     This Findings and Recommendation is submitted to the assigned United States District
22 Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the
23 Local Rules of Practice for the United States District Court, Eastern District of California.
24 Within thirty (30) days after being served with a copy, any party may file written objections with
25 the court and serve a copy on all parties. Such a document should be captioned "Objections to
26 Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served
27 and filed within fourteen (14) days after service of the objections. The Court will then review the
28 Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that

failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **May 20, 2010**                              **/s/ Dennis L. Beck**
                                                                        UNITED STATES MAGISTRATE JUDGE